**[J-60-2017] [MO: Saylor, C.J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 121 MAP 2016 |
| | : | |
| Appellee | : | Appeal from the Order of the Superior |
| | : | Court at No. 2087 MDA 2014 dated |
| | : | February 16, 2016 Affirming the |
| v. | : | Judgment of Sentence of the Luzerne |
| | : | County Court of Common Pleas, |
| | : | Criminal Division, at No. CP-40-CR- |
| JOSEPH DERHAMMER, | : | 0001372-2010 dated October 24, 2014. |
| | : | |
| Appellant | : | ARGUED: September 13, 2017 |

**CONCURRING OPINION**

**JUSTICE MUNDY**                                    **DECIDED: November 22, 2017**

I join the Majority in full. I write separately to note that this issue arises from our Court's decision in *Commonwealth v. Neiman*, 84 A.3d 603 (Pa. 2013). Therein, we held that Act 152 of 2004 was unconstitutional under the Single Subject Clause of the Pennsylvania Constitution, and its various subparts were not severable. *Neiman*, 84 A.3d at 613, 615-16.

The Superior Court's opinion in *Neiman* concluded that Act 152 violated the Single Subject Clause but reached the opposite conclusion as to severance. *Commonwealth v. Neiman*, 5 A.3d 353, 358-60 (Pa. Super. 2010) (en banc), *rev'd*, 84 A.3d 603 (Pa. 2013). As a judge on the Superior Court, I joined that opinion in full, and continue to believe that this Court's opinion in *Neiman* was incorrectly decided on the question of severance. Nevertheless, accepting *Neiman*'s severance analysis as binding, I agree with the Majority that the Superior Court's judgment in this case cannot stand. With these observations, I join the opinion of the Court.